## The People of the State of Illinois, ex rel. Maude Wilson, Appellee, v. Thurman Rhodes, Appellant.

BASTARDY—*when verdict not disturbed.* A verdict in a prosecution for bastardy will not be set aside merely because the conflict of evidence involved casts a doubt as to the paternity of the child.

Bastardy. Appeal from the Circuit Court of Clay county; the Hon. A. N. TOLLIVER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

ZIMMERMAN & RINEHART, for appellant.

T. S. WILLIAMS and J. H. SMITH, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellant entered his plea of not guilty to a charge of bastardy preferred by the relator, Maude Wilson, and on waiving a jury and having a trial by the court, he was found guilty and a judgment rendered on the finding. From this judgment appellant brings the case here by appeal and urges as the only ground of error, that the finding and judgment is clearly and manifestly against the weight of the evidence.

The relator, an unmarried woman, gave birth to the child of which she charges appellant with being the father on July 3, 1909. She was eighteen years of age June 4, 1909. She testifies she went to Altamont to visit her sister in September, 1908, and in that month she met the appellant on the street and became acquainted with him. She testifies that he called upon her the evening of September 17th, and on the next evening he called again, at which time the illicit intercourse began and continued frequently until the following May and that the appellant is the father of the child.

Appellant admits having intercourse with the relator frequently and continuously for several months but claims and testifies it did not begin until after October 5th, when he says he first became acquainted with her and fixes the time at about a week after relator's sister removed from what was called the Hunsicker place to the Tappendorff place. This removal we gather from the testimony, was the 8th or 9th of October. This, according to appellant's testimony, would fix the time of first intercourse with her at about October 16th. According to his own statement, however, it is possible under the recognized rule of the period of gestation, he could be the father of the

child. With relator's statement, however, that the intercourse began in September and appellant's statement that it began October 16th, the trial judge who heard them testify is better qualified to determine the truth of their statements than we can be.

The statement of appellant that he only visited relator once at the Hunsicker place and that was the night before the removal to the Tappendorff place, is disputed by both Mr. and Mrs. Scott with whom relator lived, and who both testify that appellant was there very frequently while they lived at the Hunsicker place.

It was claimed by appellant that the relator was having intercourse with one Weiler who testified that about a week after she moved to the Tappendorff property, he had intercourse with her and continued it almost daily until the Christmas following, and a number of letters were introduced purporting to have been written by relator to Weiler beginning in December, 1908, and running along until the following March. These letters, if genuine, show the relator to have been having intercourse with Weiler and in effect charge him with being the father of the child. Relator denies any intercourse with Weiler and denies having written the letters to him. Weiler and appellant were friends and companions and the trial court heard them and relator testify. The letters were all before that court and it was better able to judge of whether they were genuine or spurious than this court, where the original letters are not examined. Even if the statements of Weiler were true, it could only cast doubt on the paternity of the child and would not necessarily prove that appellant, having intercourse with her during the same period, was not the father.

There was sufficient evidence to fasten the paternity of the child upon the appellant and the finding and judgment of the County Court is affirmed.

*Affirmed.*